Tbe opinion of tbe Court was delivered by
Wardlaw, J.
The demurrer to the plea has been argued, but under the established rule that the Court, upon the argument of a demurrer, will give judgment against the party whose pleading was first defective in substance, the Court has looked through the whole pleadings submitted to it. The plea is loosely and carelessly constructed, exhibiting much disregard of technical precision; but the declaration, framed with more care, omits one important clause, and the omission appears to the Court substantial. The- action is assumpsit: the declaration sets forth the circumstances which, under our Act of the Legislature, made the defendant — highest bidder át a former sale, who refused to pay according to his bid— liable to pay the sum lost by an attempted re-sale; but it states no promise of the defendant. Now, a promise or contract is of the very gist of an action of assumpsit; and usually it is laid by the use of words equivalent to the Latin assumpsit, promisit or agreavit. There have been cases where, after verdict, the seeming omission' of the express promise has been held not fatal; as in Mountford et al., vs. Horton, 5 Bos. & Pul. 62, where the statement that the parties agreed was held to contain it; and. Starkie vs. Cheesman, 1 Salk 128, where the allegation that a bill was drawn, was held to contain the allegation of a promise. But the allegation of a mere legal liability, which in no view can be said to contain a promise conformable to it, will not, in pleading, be the allegation of a promise. The law implies a promise, and proof of the liability will be proof of the *283 promise; but in pleading, tbe statement must be of tbe fact to be proved, and not of the evidence. According to a just theory of tbe action of assumpsit, tbe liability is tbe consideration of tbe psomise ; and where no promise is averred, tbe declaration wants that essential thing, for tbe breach of which damages are claimed. See Bac. Abr. Assumpsit, F.; Winston vs. Francisco, 2 Wash. Va. Rep. 187; Lee vs. Welch, 2 Stra. 793.
It is therefore ordered that tbe demurrer go to tbe declaration, and that judgment be awarded in' favor of tbe defendant.
O’Neall, Withers, Whither, Glover and Muhro, JJ., concurred.

Judgment for defendant.